PER CURIAM.
The appellant in this direct criminal appeal challenges the sufficiency of the trial court’s Faretta inquiry when it permitted him to waive his court-appointed counsel and proceed pro se at sentencing. Once a criminal defendant unequivocally exercises *298 his Sixth Amendment right to waive court-appointed counsel and chooses to represent himself, the trial court must conduct an inquiry to determine whether the defendant is competent to make the choice and does so knowingly, intelligently, and voluntarily. Fla. R.Crim. P. 3.111(d)(2); Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). After thoroughly reviewing the record in this case, we conclude that the trial court failed to sufficiently conduct the required inquiry when the appellant unequivocally expressed his desire to waive court-appointed counsel. The appellant’s conviction is affirmed, but his sentence is vacated and this case is remanded for resentencing.
ALLEN, C.J., BROWNING and LEWIS, JJ., concur.